UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. **1:19CR 049** |
| | : | |
| | : | JUDGE J. BARRETT |
| Plaintiff, | : | |
| | : | **I N D I C T M E N T** |
| v. | : | |
| | : | 18 U.S.C. § 1344 |
| DANIEL B. SEIFU (1), | : | 18 U.S.C. § 1349 |
| CHRISTOPHER DEVEAUX (2), | : | 18 U.S.C. § 2 |
| a/k/a "New York," | : | 18 U.S.C. § 1345 |
| CALEB SEIFU (3), | : | |
| TIMOTHY McCANDLESS (4), | : | |
| JOLLY ATA PEPPER (5), | : | |
| JOHWANDA LEARY (6), | : | |
| AHADUAB BEGASHAW (7), and | : | |
| JEREMY ANDERSON (8), | : | |
| | : | |
| Defendants. | : | |
| | : | |

**THE GRAND JURY CHARGES THAT:**

**INTRODUCTION**

At all times relevant to this Indictment:

1.     The defendants, **DANIEL B. SEIFU, CHRISTOPHER DEVEAUX, a/k/a "New York", CALEB SEIFU, JOHWANDA LEARY, TIMOTHY McCANDLESS, AHADUAB BEGASHAW,** and **JEREMY ANDERSON** resided in Cincinnati, Ohio, within the Southern District of Ohio.

2.     The defendant, **JOLLY ATA PEPPER**, resided in North Dakota.

3.     The General Electric Credit Union is a financial institution whose deposits are insured by the National Credit Union Association.

1

4.    The Kemba Credit Union is a financial institution whose deposits are insured by the National Credit Union Association.

5.    The Wright Patterson Credit Union is a financial institution whose deposits are insured by the National Credit Union Association.

6.    The Credit Acceptance Corporation is a privately operated Michigan-based corporation that provides loans for the purchase of automobiles.

7.    Westlake Financial Services is a finance company headquartered in California.

8.    JPMorgan Chase is a financial institution whose deposits are insured by the Federal Deposit Insurance Corporation.

9.    An "equity title" is a type of automobile title issued by a court.   Generally, a person seeking an equity title appears in a court of proper jurisdiction and claims that the title for an automobile that was purchased by that individual has not been produced by the seller and the individual seeks for the court to grant him a title for the vehicle in question.

10.    A "salvage title" is a title for an automobile that is obtained as a result of the condition of the vehicle.   It is not legal to operate a salvage branded vehicle on the road. Most states, including Ohio, will not issue any registration for such a vehicle.   Most commonly, salvage titles are awarded due to collision that results in significant damage to the vehicle that the insurance company deems not worth the cost of repairs. Sometimes salvage titles also are awarded when there is not any obvious damage to the exterior of the car, but the car may have been involved in a flood, causing electrical and/or mechanical issues.   Finally, many states, including Ohio, have laws requiring that vehicles sold out of law enforcement impound be branded as salvage, even if there is not anything wrong with the car. The purpose in Ohio is to require the car be submitted

2

for inspection by Ohio State Highway Patrol. This inspection gives law enforcement a second chance to recover a stolen vehicle that may not have been entered as such at the time it was impounded by a local jurisdiction.

11.     "Previously Salvaged" is a type of title issued when a certified mechanic signs off on the rebuild of a salvaged vehicle. This designation is synonymous with Ohio's Rebuilt Salvage brand. A Rebuilt Salvage vehicle can be legally operated on the road and is eligible to have registration issued to it. They are generally deemed to be less valuable than non-salvaged vehicles of the same year/make/model and mileage.

**COUNT 1**
**(Conspiracy to Commit Wire Fraud and Bank Fraud)**

12.     Paragraphs 1-11 are fully incorporated as if fully restated herein.

13.     Beginning on or about August until June 17, 2016, and continuing up to and including the dates of the Indictment, the exact dates being unknown, within the Southern District of Ohio and elsewhere, the defendants, **DANIEL B. SEIFU, CHRISTOPHER DEVEAUX, a/k/a "New York", CALEB SEIFU, TIMOTHY McCANDLESS, JOLLY ATA PEPPER, JOHWANDA LEARY, AHADUAB BEGASHAW,** and **JEREMY ANDERSON (collectively "the defendants")** did knowingly and intentionally conspire and agree with others known and unknown to the Grand Jury to commit the following offense:

a. Wire fraud, that is, to devise and intend to devise a scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises and for the purpose of executing and attempting to execute the scheme and artifice did knowingly transmit, and cause to be transmitted, by means of wire communication in interstate

3

commerce, certain writings, signs, signals and sounds, in violation of 18 U.S.C. § 1343; and

b. bank fraud, that is, knowingly executing or attempting to execute a scheme and artifice to defraud federally insured financial institutions, and to obtain moneys, funds, credits, assets, and other property owned by or under the custody and control of federally insured financial institutions, by means which of materially false or fraudulent, pretenses, presentations, or promises, in violation of 18 U.S.C. § 1344.

## Purpose and Object of the Conspiracy

14.     A purpose and object of the conspiracy was for the defendants and other members of the conspiracy to obtain money and property from various financial institutions through fraudulent car loan applications.

## Manner and Means

The manner and means by which the defendants, and others known and unknown to the Grand Jury sought to accomplish the object of the conspiracy, included the following:

15.     Defendants **DANIEL B. SEIFU, CALEB SEIFU, AHADUAB BEGASHAW**, and **TIMOTHY McCANDLESS** owned and/or had access to car dealerships, to include Conquer Auto, located at 2350 Reading Road, Cincinnati, Ohio, Mega Auto Sales located at 7310 Vine Street, Cincinnati, Ohio, 513 Motors located at 5140 Dixie Highway, Fairfield, Ohio, Dreams Motors located at 6014 Hamilton Ave Cincinnati, Ohio, 3A Auto Sales located at 7310 Vine Street, Cincinnati, Ohio, and D28 Motors located at 429 S. Limestone Street in Springfield, Ohio.

16.     Defendants **DANIEL B. SEIFU, CALEB SEIFU**, and **TIMOTHY McCANDLESS** would use that access to buy and sell automobiles.

17.     Defendant **TIMOTHY McCANDLESS** would resell a vehicle knowing that he

4

did not have proper lawful title to that vehicle and that the vehicle had been previously sold to another person.

18.    The defendants obtained vehicles without proper titles or with fraudulent titles in multiple ways. For example, using the name 513 Motors and others, in conjunction with **JOLLY ATA PEPPER,** defendants **DANIEL B. SEIFU, CALEB SEIFU,** and **TIMOTHY McCANDLESS**, were able circumvent to the inspection process and fraudulently obtain multiple, previously salvaged automobile titles when needed, by submitting automobiles that were wrecked and had a "salvage" car title to defendant **JOLLY ATA PEPPER** in North Dakota to be inspected and repaired. Defendant **JOLLY ATA PEPPER** would then falsely return a car title for that vehicle claiming that the vehicle had been repaired when in fact it had not and knowing that the inspection of the vehicle by defendant **JOLLY ATA PEPPER** was fictitious.

19.    Defendants, **DANIEL B. SEIFU** and **AHADUAB BEGASHAW** also would obtain fraudulent equity titles from the Hamilton County Court of Common Pleas, claiming that they had purchased vehicles and not received proper title, knowing that the title to that vehicle was in fact available but that the title that they possessed did not permit the defendants to sell the vehicle in question as anything other than a salvage vehicle.

20.    Defendants **DANIEL B. SEIFU, CHRISTOPHER DEVEAUX, a/k/a "New York",** and **CALEB SEIFU** then recruited individuals, such as defendant **JEREMY ANDERSON,** looking to purchase automobiles.

21.    Defendants **DANIEL B. SEIFU** and **CHRISTOPHER DEVEAUX, a/k/a "New York"** would provide the automobiles that would be purchased.

22.    The buyers would apply for loans on automobiles sold at inflated prices that did not

5

reflect the true value of the vehicle. If the buyers were unable to secure loans from lending institutions due to lack of credit or employment, defendants, **DANIEL B. SEIFU, CHRISTOPHER DEVEAUX, a/k/a "New York", CALEB SEIFU,** and **TIMOTHY McCANDLESS** would provide false employment records. Many of these buyers were not aware that fraudulent employment records were included in the loan applications. Defendants, **DANIEL B. SEIFU** and **CHRISTOPHER DEVEAUX, a/k/a "New York,"** also provided fraudulent documentation as to the source of reported down payment records including providing the cash for the down payment to the buyer, in order for the buyers to obtain automobile loans.

23.     Defendants **DANIEL B. SEIFU, CALEB SEIFU, JOLLY ATA PEPPER,** and **TIMOTHY McCANDLESS** would provide false documentation to the victim lending institutions about the condition of the cars being sold, creating an over valuation of the vehicles in question.

24.     Once the loan application was signed by the recruited buyer, the defendant, **DANIEL B. SEIFU**, would then submit the loan application along with the fictitious payment records to lending institutions, to wit: Kemba Credit Union, General Electric Credit Union, Westlake Financial Services, Wright Patterson Credit Union, JPMorgan Chase, and Credit Acceptance Corporation, a private loan company, based in the State of Michigan, to secure the automobile loan at an inflated value of the vehicle.

25.     If the lending institutions refused to approve any loan applied for by defendant **DANIEL B. SEIFU** as the listed seller, defendant **DANIEL B. SEIFU** would use another dealership not associated with his name to secure fictitious loans using the same scheme and artifice of false loan documentation.

26.     Defendant **DANIEL B. SEIFU** would then access the account of Conquer Auto to

6

deposit the sales money as payment for the sale of those automobiles and then collect a fee back from the dealership.

27. Once the car loans was obtained, the buyers, in many cases, would cease making payments on the vehicles and the car loan would go into default.

28. Due to the large percentage of loan defaults involving automobiles sold by defendant **DANIEL B. SEIFU**, the victim lenders began refusing to issue payment to the auto dealerships in question until they received several months of payments on the respect car loan. Defendant **DANIEL B. SEIFU** then began applying payments to a few of these loans to make it appear to the lending institution that the buyer was legitimate and had the ability to pay for the car. Once these payments were made, the lending institution would then provide the full amount of the car loan to the respective dealership.

29. Defendants **DANIEL B. SEIFU, CALEB SEIFU, TIMOTHY McCANDLESS,** and **AHADUAB BEGASHAW** would change the names of the automobile dealerships periodically to prevent the victim lending institutions from knowing the true owners of the car dealerships and to thus keep the scheme going.

30. Defendants **DANIEL B. SEIFU, CHRISTOPHER DEVEAUX, a/k/a "New York", CALEB SEIFU, JOHWANDA LEARY, TIMOTHY McCANDLESS**, and **AHADUAB BEGASHAW** would use a bank account from Woodforest National Bank to receive and disperse moneys obtained from these sales to the recruited customers.

**All in violation of Title 18, United States Code, Section 1349.**

7

## COUNTS 2 -8
### (Wire Fraud)

31.     The preceding paragraphs 1 through 30 are fully incorporated as if fully restated herein.

32.     On or about the dates listed below, in the Southern District of Ohio and elsewhere, the defendants, **DANIEL B. SEIFU, CHRISTOPHER DEVEAUX, a/k/a "New York", CALEB SEIFU, TIMOTHY McCANDLESS, JOLLY ATA PEPPER, JOHWANDA LEARY, AHADUAB BEGASHAW,** and **JEREMY ANDERSON**, devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is described above, and for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, on the dates listed below, did knowingly cause to be transmitted by means of wire communications in interstate commerce the following signals and sounds, each of which constitutes a separate count of this Indictment:

| Count | Date (on or about) | Wire Transmissions |
|---|---|---|
| 2 | August 13, 2016 | Loan application electronically submitted to Credit Acceptance Corporation |
| 3 | September 13, 2016 | Loan application electronically submitted to Credit Acceptance Corporation |
| 4 | November 11, 2016 | Loan application electronically submitted to Westlake Financial Services |
| 5 | December 22, 2016 | Loan application electronically submitted to Credit Acceptance Corporation |

8

| Count | Date (on or about) | Wire Transmissions |
|-------|--------------------|--------------------|
| 6 | December 28, 2016 | Loan application electronically submitted to Credit Acceptance Corporation |
| 7 | February 7, 2017 | Loan application electronically submitted to Credit Acceptance Corporation |
| 8 | February 14, 2017 | Loan application electronically submitted to Credit Acceptance Corporation |

**All in violation of Title 18, United States Code, Sections 1343 and 2.**

### Counts 9-22
### (Bank Fraud)

33.     The preceding paragraphs 1 through 30 are fully incorporated as if fully restated herein.

34.     On or about the dates listed below, each of which constitutes a separate count of this Indictment, in the Southern District of Ohio and elsewhere, the defendants, **DANIEL B. SEIFU, CHRISTOPHER DEVEAUX, a/k/a "New York", CALEB SEIFU, TIMOTHY McCANDLESS, JOLLY ATA PEPPER, JOHWANDA LEARY, AHADUAB BEGASHAW,** and **JEREMY ANDERSON**, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations, and promises:

9

| Count | Date (on or about) | Act in Execution |
|-------|--------------------|-------------------|
| 9 | June 17, 2016 | Loan application submitted to KEMBA Credit Union |
| 10 | July 1, 2016 | Loan application submitted to General Electric Credit Union |
| 11 | August 24, 2016 | Loan application submitted to General Electric Credit Union |
| 12 | January 17, 2017 | Loan application submitted to KEMBA Credit Union |
| 13 | February 8, 2017 | Loan application submitted to KEMBA Credit Union |
| 14 | February 27, 2017 | Loan application submitted to Wright Patterson Credit Union |
| 15 | March 17, 2017 | Loan application submitted to Wright Patterson Credit Union |
| 16 | September 8, 2017 | Loan application submitted to KEMBA Credit Union |
| 17 | September 18, 2017 | Loan application submitted to KEMBA Credit Union |
| 18 | September 21, 2017 | Loan application submitted to KEMBA Credit Union |
| 19 | October 17, 2017 | Loan application submitted to KEMBA Credit Union |
| 20 | October 20, 2017 | Loan application submitted to Wright Patterson Credit Union |
| 21 | October 25, 2017 | Loan application submitted to KEMBA Credit Union |
| 22 | August 13, 2018 | Loan Application submitted to JPMorgan Chase |

**All in violation of Title 18, United States Code, Sections 1344 and 2.**

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 through 22 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Upon conviction of the offenses in violation of 18 U.S.C. §§ 1343,1349, and 2 set forth in Counts 1 through 22 of this Indictment, the defendants, **DANIEL B. SEIFU, CHRISTOPHER DEVEAUX, a/k/a "New York", CALEB SEIFU, TIMOTHY McCANDLESS, JOLLY ATA PEPPER, JOHWANDA LEARY, AHADUAB BEGASHAW,** and **JEREMY ANDERSON**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to, a sum of money equal to the amount of proceeds, the defendants, **DANIEL B. SEIFU, CHRISTOPHER DEVEAUX, a/k/a "New York", CALEB SEIFU, TIMOTHY McCANDLESS, JOLLY ATA PEPPER, JOHWANDA LEARY, AHADUAB BEGASHAW,** and **JEREMY ANDERSON**, obtained as a result of the offenses.

If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C.

11

§ 853(p), as incorporated by 28 U.S.C. § 2461(c).

**All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).**

**A TRUE BILL.**

_____
**GRAND JURY FOREPERSON**

**BENJAMIN C. GLASSMAN**
**UNITED STATES ATTORNEY**

**TIMOTHY D. OAKLEY**
**ASSISTANT UNITED STATES ATTORNEY**

12